**TUCKER v. THE SOCONY NO. 9.**

**THE JOHN J. TUCKER.**

**SOCONY–VACUUM OIL CO., Inc., v. THE JOHN J. TUCKER.**

**THE SOCONY III.**

Nos. 247, 248, Dockets 20956, 20957.

Circuit Court of Appeals, Second Circuit.

April 30, 1948.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan, of New York City, of counsel), for appellants.

John W. Knox, of New York City, for appellees.

Before SWAN, CLARK and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal from decrees in con-solidated causes holding the appellant's tug John J. Tucker solely liable for a collision in the Arthur Kill on the night of December 18, 1944. The facts as found by the trial judge are stated in detail in his opinion,[1] and need be repeated here only so far as necessary to understand the appellant's contentions. The collision occurred on the Staten Island side of the channel and about 200 feet northeast of Buoy No. 4. The contact was between the starboard quarter of the Tucker tug, which was bound down the Kill with a tank barge light, on her port side, and the bow of the tank barge Socony 111 made fast to the starboard side of the tug Socony No. 9, which was proceeding in the opposite direction. The Tucker tug was held at fault for crossing the course of the Socony tow and being on the wrong side of the channel. The Socony was held

to have been technically at fault for blowing a three-blast backing signal instead of an alarm, but was exonerated because the backing signal was just as effective a warning to the Tucker as a four-blast alarm would have been.

The appellant wisely does not attempt to disclaim fault on the part of the Tucker; she seeks only a division of damages. Her first contention is that the Socony tug violated Article 18, Rule 1 of the Inland Rules of Navigation[2] and Pilot Rule 312.3 (former Pilot Rule III).[3] When the vessels came within sight of each other the Tucker was on the New Jersey side of the Kill showing only her red light to the Socony tug and the latter was justified in expecting a port to port passing. When they were about 1,200 feet apart the Tucker suddenly opened her green light and the Socony at once blew a one-blast signal. This was not answered, and in about 15 seconds, during which the Tucker's red light was shut out, the Socony blew a three-whistle signal and reversed her engines. The Socony tow had stopped its way before the collision, but the Tucker tow did not lose its forward movement and continued into collision which occurred, as already stated, on the Socony's side of the channel. The appellant argues that the Socony waited too long before giving her one-blast signal and apparently supposes, relying on Henry Du Bois Sons Co. v. A/S Ivarans Rederi, 2 Cir., 116 F.2d 492, certiorari denied sub nom. The Ariosa v. The Segundo, 313 U. S. 568, 61 S.Ct. 942, 85 L.Ed. 1526, that Pilot Rule 312.3 required the signal to be given when the vessels were more than half a mile apart. The meaning of the Rule (then Pilot Rule III) was discussed by this court in Southern Transp. Co. v. Dauntless Towing Line, 2 Cir., 140 F.2d 215, 217. As there explained, the Rule, assuming its validity, "does not profess to lay down what is the minimum distance apart at which the vessels must signal; and indeed it would be most unreasonable so to construe it as to require signals always to be blown before the distance between the vessels is reduced to less than half a mile." In the case at bar, until the Tucker opened

---

[1] The John J. Tucker, D.C., 70 F.Supp. 776.

[2] 33 U.S.C.A. § 203.

[3] 33 CFR 312.3.

her green light the vessels were not approaching head and head and, until that time, as the district judge held, there was no occasion for any whistle signal. The vessels were then about 1,200 feet apart and the Tucker's captain admitted that had he heard the signal he would have had ample time to effect a port to port passing. We agree with the trial judge that the Socony was not in fault for failing to blow a passing signal earlier.

The appellant also argues that the Socony violated Rule III of Article 18 of the Inland Rules, 33 U.S.C.A. § 203. The district judge held that the Socony's failure to sound an alarm could not have contributed to the collision since the backing signal was equally informative as a warning. Socony Vacuum Transp. Co. v. Gypsum Packet Co., 2 Cir., 153 F.2d 773, 777. The appellant's brief states that she finds no fault as to the number of whistles blown but complains that they were not blown in time. The district court's opinion states that there was no charge that too great an interval occurred between the one-blast and the three-blast signal and that no testimony was offered on the subject. Since the faults of the Tucker were glaring and alone sufficient to account for the collision, any doubts as to the propriety of the Socony's navigation should be resolved in her favor—and particularly when the fault now charged was not asserted at the trial.

Decrees affirmed.